# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIAN MOORE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:24-CV-758-O |
| | § | (NO. 4:22-CR-037-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Brian Moore under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.    BACKGROUND

The record in the underlying criminal case reflects the following:

On February 9, 2022, Movant was named in a three-count indictment charging him in count one with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), in count two with interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and in count three with interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2314 and 2. CR ECF No.[1] 13. Movant initially entered a plea of not guilty. CR ECF No. 46. He later signed a written plea agreement pursuant to which he agreed to plead guilty to the offense charged in count three of the indictment and the government agreed not to bring any additional

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-CR-037-O.

charges against Movant based on the conduct underlying and related to the plea of guilty and to dismiss the remaining counts of the indictment. CR ECF No. 52. The plea agreement set forth the penalties Movant faced, Movant's recognition that his sentence would be wholly within the Court's discretion, that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant waived his right to appeal except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided. *Id.* Movant also signed a factual resume that set forth the penalties he faced, the elements of the offense alleged in count three, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 51. At rearraignment, Movant testified under oath in open court that: he had discussed with counsel the charges against him and how the sentencing guidelines might apply; he understood that the Court was not bound by the guidelines; he fully understood the charges against him; he understood and admitted that he committed all of the essential elements of the offense charged in count three; he was fully satisfied with the legal representation and advice he had received from counsel; he read, understood, and signed the plea agreement after discussing it with counsel; he knowingly and voluntarily waived his right to appeal and he knowingly and voluntarily entered into the plea agreement; he understood that he faced a term of imprisonment of not more than ten years; and, he signed the factual resume and that all of the facts set forth in it were true and correct. CR ECF No. 144.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 6. CR ECF No. 80, ¶ 31. He received a 14-level increase based on the amount of loss. *Id.* ¶ 32. He received two-level increases for being in the business of

receiving and selling stolen property, *id.* ¶ 33, and possession of dangerous weapons during the robbery. *Id.* ¶ 34. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 40, 41. Based on a total offense level of 21 and a criminal history category of III, Movant's guideline imprisonment range was 46 to 57 months. *Id.* ¶ 82. The government filed objections, CR ECF No. 85, and a motion for upward variance. CR ECF No. 86. The probation officer filed an addendum to the PSR, agreeing with the government that Movant should receive a four-level adjustment for his role as organizer or leader; thus, the guideline imprisonment range became 70 to 87 months. CR ECF No. 120. Movant filed objections. CR ECF No. 125. The probation officer filed a second addendum to the PSR. CR ECF No. 127.

At sentencing, Movant persisted in his objection that he was not an organizer or leader but the Court overruled his objection. CR ECF No. 143. The Court granted the government's motion for upward variance, essentially for the reasons set out by the government, to protect the public from further crimes of Movant, to afford adequate deterrence, and to provide just punishment. *Id.* at 15–16. The Court sentenced Movant to a term of imprisonment of 120 months. CR ECF No. 130. Movant appealed, CR ECF No. 136, despite having waived his right to do so. CR ECF No. 52, ¶ 12. Movant's counsel filed a motion to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Moore*, No. 22-10899, 2023 WL 3122458 (5th Cir. Apr. 27, 2023).

## II.    GROUNDS OF THE MOTION

Movant sets forth four grounds in support of his motion, all alleging that he received ineffective assistance of counsel. ECF No.[2] 1.

## III.    APPLICABLE LEGAL STANDARDS

### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV. ANALYSIS

In his first ground, Movant alleges that counsel rendered ineffective assistance in failing to conduct adequate legal research, failing to adequately review the indictment, and failing to file a motion to dismiss the indictment. ECF No. 1 at 4–8.[3] His assessment of the indictment is wrong.

---

[3] The page number references are to "Page ___ of 29" reflected at the top right portion of the document on the Court's electronic filing system and are used because Movant has attached additional pages to the form motion and the

Generally, an indictment is sufficient if it follows the language of the statute. *United States v. Thomas*, 348 F.3d 78, 82–84 (5th Cir. 2003). The "law does not compel a ritual of words." *United States v. Purvis*, 580 F.2d 853, 857 (5th Cir. 1978). An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charge against him, and ensures no risk of future prosecution for the same offense. *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006). As the government points out, the indictment in this case made clear the criminal scheme and Movant's role in it, identified the coconspirators, explained their shared intent, and made clear that Movant knew the jewelry was stolen at the time he transported it across state lines. ECF No. 6 at 17 (noting that count three "realleged and incorporated by reference" the prior counts).

In his second ground, Movant alleges that counsel failed to object to "several Rule 11 violations" and that because there was an insufficient factual basis for his plea, it was unknowing, unintelligent, and involuntary. ECF No. 1 at 9–12. The allegations are wholly belied by the record. The factual resume Movant signed set forth the penalties he faced, the elements of the offense to which he pled guilty, and the stipulated facts establishing that he committed the offense. CR ECF No. 51. The plea agreement he signed stated that Movant understood the nature and elements of the crime to which he was pleading guilty; it set forth the penalties Movant faced; it included Movant's recognition that his sentence would be wholly within the Court's discretion; it stated that the plea was freely and voluntarily made and not the result of force, threats, or promises; it stated that Movant waived his right to appeal except in certain limited circumstances; and it concluded with the statement that Movant had thoroughly reviewed all legal and factual aspects of his case

---

typewritten page numbers on the form are not the actual page numbers of the document.

with counsel and was fully satisfied with the legal representation provided. CR ECF No. 52. These documents are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charges against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

In his third ground, Movant alleges that counsel provided ineffective assistance during the sentencing phase by failing to (1) seek a continuance due to the government's request for an upward variance, which came as a surprise, (2) prepare to demonstrate why a within-guideline sentence was sufficient, (3) argue that an upward variance would create an unwarranted disparity among co-defendants, (4) object that the 120-month sentence was substantively and procedurally unreasonable, and (5) request a downward variance for the harsh pretrial confinement through COVID-19. ECF No. 1 at 14–17. Of course, the request for upward variance did not come as a surprise, the government having filed its motion long before sentencing. CR ECF No. 86 (motion filed July 5, 2022); CR ECF No. 128 (sentencing conducted September 9, 2022). Movant's counsel argued that the factors mentioned by the government as supporting the variance were already accounted for by the guidelines and that a low-end guideline sentence should be imposed. CR ECF No. 143. That the Court did not agree does not mean that counsel rendered ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). The record does not reflect that there

was an unwarranted disparity among co-defendants. The three received sentences of 108, 120, and 162 months' imprisonment. CR Nos. 93, 95, 128, 130, 149, 150. Counsel did object to the substantive reasonableness of the sentence. CR ECF No. 143 at 16. Movant fails to explain why an objection as to procedural reasonableness would have had any merit whatsoever. Moreover, Movant has no support for the allegation that a downward variance due to COVID-19 would have been appropriate.

In his fourth ground, Movant alleges that counsel provided ineffective assistance on appeal by failing to: (1) consult and advise Movant of his right to file a petition for writ of certiorari and (2) raise the alleged Rule 11 violations the subject of Movant's second ground. ECF No. 1 at 18–20. As to the first contention, the record reflects that the Fifth Circuit allowed counsel to withdraw; thus, he would not have had any further obligation to Movant.[4] *Moore*, 2023 WL 3122458. As to the second, for the reasons discussed, *supra*, such a ground would not have had merit. Counsel performed as he should have in filing an *Anders* brief once he determined that an appeal would not have merit. *Anders*, 386 U.S. at 744.

Finally, even if Movant could establish that counsel provided ineffective assistance with regard to any of the grounds asserted, Movant has failed to show that he was prejudiced by the performance of counsel. Movant's statement that he would not have pleaded guilty but for the ineffective assistance he received is conclusory and unavailing. ECF No. 1 at 26. The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to

---

[4] The Court notes that Movant waived his right to appeal and the Fifth Circuit dismissed the appeal, allowing counsel to withdraw. The filing of a petition for writ of certiorari would have been frivolous. Movant does not aver that he would have filed a petition in any event.

contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant fails to cite any contemporaneous evidence to show that he would have insisted on going to trial absent counsel's alleged representations, probably because there is none. As noted in the PSR, pursuant to the plea agreement, Movant's statutory maximum punishment was limited to ten years' imprisonment, whereas he would have been exposed to twenty years' imprisonment as to counts one and two. CR ECF No. 80, ¶ 84.

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **19th day** of **November, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

9